<span style="color:red">**Exhibit 2**</span>

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement"), dated as of the date finally executed below (the "Effective Date") is entered into by and between Assure Health Corporation[1] and Assure Health Care Everyday, LLC[2] (collectively "Assure"), MSU Health Care, Inc. ("the Company"), and Roger Jansen, Chief Innovation and Digital Health Officer for the Company ("Jansen"). Assure, the Company, and Jansen are hereinafter referred to individually as a "Party," and collectively, as the "Parties."

WHEREAS, Assure believes that Jansen, Chief Innovation and Digital Health Officer for the Company, published various statements that are false, defamatory, disparaging, and otherwise injurious toward Assure, and unlawfully interfered with Assure's business relationships;

WHEREAS, Assure believes that it has valid claims against the Company and Jansen; and

WHEREAS, the Parties desire to preserve the status quo to explore whether a resolution is possible prior to litigation;

NOW THEREFORE, in consideration of the mutual covenants set forth herein, and for good and valuable consideration, IT IS HEREBY AGREED THAT:

1. <u>Tolling</u>: The Parties agree that any time periods, statutes of limitation, statutes of repose, laches, contractual time limitations, contractual deadlines, or any other defense based on the lapse of time (the "Limitations Periods") with respect to any claim, right, liability or cause of action that could be brought by Assure against the Company, including any of its directors, officers, and employees, including Jansen, including, without limitation, any common law or statutory claims for defamation, tortious interference with business relations, or any other claim, are hereby tolled, as provided in Section 2 of this Agreement, regardless of the jurisdiction in which such claims could be brought. The Parties hereby stipulate and agree that the Tolling Period (as defined below) shall be excluded from any Limitations Periods and not considered in any determination of the timeliness of commencement of any action or making any claims, and that the period of time during the Tolling Period shall not be pled as part of a defense or bar based upon any Limitations Periods with respect to any claim.

2. <u>No Revival</u>: Except as expressly provided herein, nothing in this Agreement shall affect any defense available to any Party as of the Effective Date of this Agreement, and this Agreement shall not be deemed to revive any claim that is or was already barred on the Effective Date. Nothing in this Agreement, or in the circumstances which gave rise to this Agreement, shall be construed as an acknowledgement by any Party that any claim has or has not been barred, or is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time.

---

[1] Assure enters into this Agreement on its own behalf and also as the assignee and successor in interest to Higi Care Network (DE), P.A.

[2] Assure Health Care Everyday, LLC was formerly, including at the time of the execution of the Collaboration Agreement with MSU Health Care, Inc., known as Higi Health, LLC.

3. <u>Termination of the Tolling Agreement</u>: The tolling of time periods provided for in Section 1 of this Agreement shall commence on the Effective Date and shall terminate at 11:59 PM Eastern Standard Time on January 31, 2025 (this date being the "Termination Date"). The period from the Effective Date to the Termination Date is the "Tolling Period." Either party may terminate the Tolling Period upon no fewer than 15-days written notice to the other party. Under such circumstance the Tolling Period shall cease on the date included in the written notice, provided that it is no fewer than 15 days from the notice or January 31, 2025, whichever is earlier.

4. <u>Non-Litigation During Tolling Period</u>: During the Tolling Period, the Parties shall not institute litigation against any other Party asserting any claim.

5. <u>No Admission</u>: This Agreement shall not operate as an admission of, or evidence of, liability or wrongdoing by any Party. Neither this Agreement nor any action taken pursuant to this Agreement shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party, or that there is any basis for any claim against any Party.

6. <u>Successor and Assigns</u>: This Agreement is binding on the Parties and their successors and assigns, including their successors and assigns by operation of law, their bankruptcy estates, any Chapter 7 or 11 trustee and any other estate representative, trustee, receiver or conservator in insolvency proceedings.

7. <u>Sophisticated Parties Advised by Counsel</u>: The Parties have entered into this Agreement freely and voluntarily, after having consulted with counsel and after having the terms of this Agreement explained to them by counsel. The Parties further agree that because each Party has been active in the preparation and negotiation of the terms of this Agreement, it shall not be construed against any Party based on their role in preparing this Agreement in the event of any dispute as to the meaning of its terms.

8. <u>Complete Integration</u>: This Agreement constitutes the full and final agreement between the Parties with respect to the subject matter hereof, and may be extended, modified, or amended, only by written agreement signed by the Parties or their undersigned counsel.

9. <u>Counterparts/Electronic Transmission</u>: This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Agreement by telecopier or facsimile transmission or email shall be effective as delivery of a manually executed counterpart of this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed and delivered as of the Effective Date.

DATED this 27th day of September, 2024.

| **MSU Health Care, Inc.** | **Assure Health Corporation and Assure Health Care Everyday, LLC** |
|---|---|
| By: *Seth Ciabotti* (DocuSigned) | By: *Jeffrey Nadel* (signature appears twice) |
| **Roger Jansen, MSU Health Care, Inc. Chief Innovation and Digital Health Officer** | On behalf of Assure Health Corporation: Jeffrey Nadel, as CEO; and on behalf of Assure Health Care Everyday, LLC: Jeffrey Nadel, as President of Lake Michigan Partners, LLC, as Manager of Care Everyday Acquisition Vehicle, LLC, as Manager of Assure Health Care Everyday, LLC |
| By: Roger Jansen (DocuSigned) | |

**Signature:**

**Email:** jnadel@gmail.com