UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

AHC HOLDINGS, INC.,

Plaintiff,

v. Hon. Paul L. Maloney

MSU HEALTH CARE, INC., et al., Case No. 1:25-cv-00503

Defendants.

**ORDER REGARDING SEALING OF DOCUMENTS**

Pursuant to W.D. Mich. LCivR 10.6(b), "[d]ocuments may be submitted under seal only if authorized by statute or by the court for good cause shown." In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), the Sixth Circuit explained that courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* at 305-06 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The party seeking to seal a record has a heavy burden in overcoming that presumption. "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Even where a party can show a compelling reason why certain records, or portions of those records, should be sealed, the order must be narrowly tailored to serve that reason. The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group, Inc.*, 825 F.3d at 305-06 (internal quotation omitted). The entry of a protective order governing discovery in the case is not a basis for sealing documents filed with the Court. *See, e.g., Shane Group, Inc.*, 825 F.3d at 305; *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).

In addition, a court authorizing the sealing of documents must set forth specific findings and conclusions to explain why non-disclosure to the public is justified. *Grae v. Corrections Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025); *Shane Group, Inc.*, 825 F.3d at 306; *Brown & Williamson Tobacco Corp.*, 710 F.2d 1176. "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Shane Group, Inc.*, 825 F.3d at 306. A party seeking to file any material under seal shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the compelling reason that sealing each item is necessary and outweighs the public's interest in accessing the records; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. *See Grae*, 134 F.4th at 932.

IT IS SO ORDERED.

Dated: September 2, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge